IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

DONNA L. WINTZ,

    Plaintiff,

v.                                       Civil Action Number: 3:15-cv-11696

**JURY TRIAL DEMANDED**

CABELL COUNTY COMMISSION,

    Defendant.

## COMPLAINT

Your Plaintiff, Ms. Donna L. Wintz, by her counsel, Hoyt Glazer, Esq. of Klein, Sheridan & Glazer, LC files this legal action against the Defendant, Cabell County Commission. Your Plaintiff seeks redress and remedy arising from the Defendant's deliberate failure to comply with the provisions of The Family and Medical Leave Act of 1993 ("FMLA"), the West Virginia Human Rights Act, and the public policy and common law of the State of West Virginia prohibiting illegal discrimination and retaliation against persons with disabilities, perceived or otherwise. Ms. Wintz requests a jury trial and relief sufficient to remedy the unlawful and outrageous employment practices of the Defendants.

## PARTIES

1. The Plaintiff, Ms. Donna L. Wintz, worked as a deputy clerk for over 13 (thirteen) years at the Cabell County Circuit Clerk's Office. On April 28, 2015, the Defendant unlawfully terminated Ms. Wintz's employment in violation of FMLA, the West Virginia Human Rights Act

and West Virginia common law prohibiting retaliation against persons with disabilities, perceived or actual. Ms. Wintz is a resident and citizen of Cabell County, West Virginia.

2. Defendant Cabell County Commission ("CCC") is a political subdivision existing in Cabell County, West Virginia. Defendant CCC oversees and provides for the fiscal operation of the Cabell County Circuit Clerk's Office.

3. At all times alleged, Defendant CCC employed Ms. Wintz.

4. At all times alleged, Defendant acted through its agents, employees, supervisors, directors, officers and assigns and within the full scope of agency, office, employment, or assignment.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the claims asserted here under 28 U.S.C. §1331 because Ms. Wintz' claims arise under the FMLA, which provides for jurisdiction of this matter under 29 U.S.C. §2617, along with pendent state law claims under the West Virginia Human Rights Act and West Virginia common law prohibiting unlawful retaliation against individuals with actual or perceived disabilities.

6. Venue is appropriate in the United States District Court of West Virginia pursuant to 29 U.S.C. §2617 and 28 U.S.C. §1391(a)(1) because Defendants exist and reside in Cabell County, West Virginia, which is within the jurisdiction of this Court.

## FACTS

7. On April 1, 2002, Defendant CCC hired Ms. Wintz as a deputy clerk.

8. Over the next twelve (12) years, Ms. Wintz worked a full-time, 35-40 hour work week in the Cabell County Circuit Clerk's office.

9. During her service, Ms. Wintz met or exceeded or her duties as a deputy clerk; in fact, at all times during her service, Defendant CCC and/or its agents did not give Ms. Wintz any indication

that her performance was less than satisfactory, and Ms. Wintz recalls never having received a performance evaluation during her 13 years of service.

10. In 2015, Ms. Wintz experienced serious health problems that ultimately resulted in her receiving a diagnosis of cancer.

11. Following her cancer diagnosis, Ms. Wintz advised the Defendant that she would require surgery on her kidney.

12. In March of 2015, Ms. Wintz underwent a successful surgery on her kidney; as a result of her kidney surgery, Ms. Wintz was unable to work for Defendant, and she missed approximately a month of work.

13. The Defendant, by and through its agents and employees, had actual knowledge that Ms. Wintz had cancer; that she had required in-patient surgery on her kidney to treat her cancer; and that Ms. Wintz required leave from work to treat her cancer, which is a serious health condition.

14. At no time after Defendant acquired knowledge and/or notice of Ms. Wintz' cancer did the Defendant provide any legally-required FMLA notice of Ms. Wintz' rights under the FMLA.

15. Following her surgery, when Ms. Wintz returned to work for Defendant in April of 2015, Defendant and its employees and agents routinely discussed and talked about the costs of Ms. Wintz' health care(as well as the health care costs of other employees).

16. Following her return to work, Ms. Wintz also experienced less favorable treatment and interaction from Defendant by and through the action of the Cabell County Clerk's Office employees; on her last day of work, the office atmosphere reflected tension, and Ms. Wintz' firing totally surprised her.

17. Before having her cancer surgery and treatment for her cancer, Ms. Wintz had never experienced unfavorable treatment and tense interaction from her co-workers and supervisors.

18. On April 27, 2015 while working for Defendant, Ms. Wintz noticed several of the circuit clerk's office employees entering and exiting the Cabell County Circuit Clerk's (Mr. Jeffrey Hood's) office. Later that day, Mr. Hood informed Ms. Wintz that "this was not working out," and the Defendant, by and through the actions of Mr. Hood, fired Ms. Wintz.

19. Mr. Hood did not provide any specific reason to Ms. Wintz for her firing.

20. On information and belief, and as alleged in the counts below, Ms. Wintz alleges that the real reason for her firing is her having undergone and received treatment for her cancer. This is because Ms. Wintz had never received any indication that she was not doing her job properly until after she had started treatment and undergone surgery for her cancer.

21. As a direct and proximate result of Defendant's conduct, Ms. Wintz has suffered lost wages and benefits, lost retirement benefits, emotional distress, humiliation, embarrassment and ridicule, and other compensatory and general damages.

**COUNT ONE: TERMINATION IN INTERFERENCE WITH PLAINTIFF'S RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT OF 1993**

22. Plaintiff incorporates all the previous paragraphs (1-21) as if set forth verbatim here.

23. At all times mentioned, Plaintiff was qualified and eligible for a leave of absence due to her serious medical health condition (cancer).

24. Before requesting a medical leave of absence (FMLA leave) in March 2015 to treat her cancer and undergo kidney surgery, Defendant CCC had employed Plaintiff for longer than 12 (twelve) months; Plaintiff had worked for longer than 12 months, and had worked at least 1250 (twelve hundred fifty) hours of service for Defendant; Defendant is a covered employer under the Family and Medical Leave Act.

25. In seeking time off work to undergo surgery and treat her cancer, Plaintiff engaged in conduct protected by the FMLA.

26. FMLA requires that "[w]hen an employee requests FMLA leave, *or when the employer acquires knowledge that an employee's leave may be for a FMLA-qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days*, absent extenuating circumstances." [Italics added].

27. Under 29 C.F.R. §825.300(b)(1), the notice "must state whether the employee is eligible for FMLA leave." If the employee is not eligible, the notice "must state at least one reason why the employee is not eligible." Id. §825.300(b)(2).

28. At no time did the Defendant provide FMLA's statutorily-required notice to Ms. Wintz, resulting in prejudice to Ms. Wintz and impairment of her legal rights because she could not make informed decisions about her medical leave, which includes, but is not limited to, the duration of her protected FMLA leave.

29. Defendant has denied and/or delayed FMLA benefits to Ms. Wintz, and, in so doing has interfered with and violated Ms. Wintz' FMLA rights.

30. Defendant's termination of Plaintiff based on her seeking FMLA and/or being eligible for FMLA is reckless, wilful and made in bad faith.

31. In terminating Plaintiff, Defendant interfered with and violated Plaintiff's rights under FMLA, and Plaintiff seeks all appropriate remedies as requested in her prayer for relief.

### COUNT TWO: RETALIATION FOR EXERCISING RIGHTS AND ENGAGING IN PROTECTED CONDUCT UNDER THE FAMILY AND MEDICAL LEAVE ACT OF 1993

32. Plaintiff incorporates the previous paragraphs by reference as if set forth verbatim here.

33. Before requesting a medical leave of absence (FMLA leave) and undergoing surgery in March of 2015, Ms. Wintz had been employed by Defendant for longer than 12 (twelve) months

and had worked at least 1250 (twelve hundred fifty) hours of service for Defendant preceding her March 2015 kidney surgery and request for time off from work.

34. When Ms. Wintz notified Defendant of her kidney surgery and need to treat her cancer, she gave adequate and proper notice of her need to take a medical leave of absence from work under FMLA.

35. When Plaintiff requested FMLA in March of 2015, she was qualified and eligible for FMLA leave.

36. In seeking FMLA leave, Plaintiff engaged in conduct protected under FMLA that entitles her to all relief under the FMLA statute.

37. Defendant terminated Plaintiff for requesting and/or being eligible for FMLA leave.

38. Defendant's conduct in terminating Plaintiff is and was in bad faith, malicious, reckless and purposefully indifferent to Ms. Wintz' FMLA rights, and she seeks remedy as set forth in her prayer for relief.

## COUNT THREE: DISABILITY DISCRIMINATION

39. Plaintiff incorporates the previous paragraphs as if set forth here verbatim.

40. The Plaintiff's cancer constitutes a disability, which is protected under the West Virginia Human Rights Act, West Virginia Code § 5-11-9.

41. Alternatively, Defendant and its agents perceived Ms. Wintz as disabled under the West Virginia Human Rights Act.

42. At all times, the Plaintiff is and was qualified for the job(s) she held with the Defendant. This is because the Plaintiff satisfies and satisfied the skill, experience, and other job-related requirements for the position, and because Plaintiff was and is able to perform the essential functions of her job with or without reasonable accommodation.

43. The Defendant, by and through the actions of its agents intentionally discriminated against the Plaintiff based on her disability, and/or for reasons arising from discrimination on account of Defendant's perception of Plaintiff as a person with a disability.

44. Any alleged reason for firing the Plaintiff from employment is mere pretext for the real reason, namely, the intentional discrimination by Defendant against the Plaintiff based on her disability and/or their perception of Plaintiff as a person with a disability.

45. As a direct and proximate result of the intentional discriminatory acts and practices of Defendant, the Plaintiff has suffered and continues to suffer injury, including past and future loss of income and other employment benefits, pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, and damage to her reputation, as well as other past and future pecuniary losses.

46. Defendant knew or should have known that its actions involving the termination of Ms. Wintz' employment were false, wanton, wilful and malicious and intended to solely harm her and indifferent to her rights under the West Virginia Human Rights Act. Wherefore, Plaintiff requests judgment as set forth in the prayer for relief.

## COUNT FOUR: AGE DISCRIMINATION

47. Plaintiff incorporates the previous paragraphs by reference.

48. Throughout her employment, the Plaintiff met applicable job qualifications, was qualified for the position that she held, and performed the job in a manner that fully met the Defendant's legitimate expectations.

49. When Defendant terminated her, Plaintiff was over 40 years of age and had thirteen (13) years of service with Defendant CCC.

50. The Defendant treated employees not in the protected age group more favorably

because of their ages.

51. The Plaintiff's age was a motivating factor in the Defendant's decision to terminate her.

52. But for the Plaintiff's protected status as a person over 40 (forty) years of age, the Defendant would not have interfered with Plaintiff's other, independent employment and taken the aforementioned adverse actions against her.

53. Defendant's termination of Plaintiff because of her age was done with malice and with reckless indifference to Plaintiff's rights under the West Virginia Human Rights Act and Plaintiff's emotional and physical condition.

54. As a proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer substantial damages. Wherefore, Plaintiff requests relief as provided in the prayer.

**COUNT FIVE: RETALIATORY DISCHARGE IN VIOLATION OF WEST VIRGINIA PUBLIC POLICY**

55. Plaintiff incorporates the previous paragraphs as if set forth here verbatim.

56. Before her termination by Defendant on April 27, 2015, Ms. Wintz had performed all conditions, covenants, promises, duties and responsibilities required of her in accordance and conformity with Defendant's expectations.

57. In striving to comply with her duties as an employee and with West Virginia law prohibiting discriminatory practices, Plaintiff notified Defendant of her kidney surgery and her need to treat her cancer. In so doing, Plaintiff engaged in protected activity.

58. Soon after Plaintiff sought protected leave as noted in the preceding paragraph and the facts of the Complaint, the Defendant terminated the Plaintiff.

59. The Defendant failed to provide the legally-required FMLA notice to Plaintiff, and in so doing, violated Plaintiff's FMLA rights and impaired Plaintiff's ability to seek and receive treatment and leave from work to care for her serious health condition (cancer).

60. The Defendant never provided any report, verbal or written, to your Plaintiff after she provided notice to the Defendant that she was eligible for and required FMLA leave.

61. Defendant terminated Plaintiff after she sought and was eligible to receive FMLA leave.

62. Defendant's termination of Plaintiff's employment resulted from her legitimate efforts to comply with West Virginia law and her duties as an employee in seeking to have Defendant comply with West Virginia public policy and Defendant's policies that purport to comply with our state's human rights laws and protections.

63. Plaintiff's discharge also followed her protected activities within such period of time that the Court can infer retaliatory motivation.

64. The Defendant's treatment and termination of Plaintiff is a retaliatory and wrongful discharge in violation of the public policies embodied in the statutes, rules, regulations, common law, the Constitution of the State of West Virginia and The West Virginia Human Rights Act, W.Va. Code § 5-11-1 et seq. because:

(A) The Defendant was aware of Plaintiff's eligibility and request for FMLA and made adverse decisions concerning the Plaintiff, including, but not limited to, its failure to provide the statutory FMLA notice to Plaintiff, as well as its termination of Plaintiff after she had undergone surgery on her kidney and sought treatment for her cancer; and

(B) But for Plaintiff's protected status as a person who sought leave to undergo kidney surgery and to treat her cancer, and sought to enforce West Virginia's Human Rights Act, the Defendant would not have terminated Plaintiff.

65. As a direct and proximate result of Defendant's intentional, discriminatory and retaliatory acts against her, Plaintiff has suffered and continues to suffer injury, including, but not limited to, loss of past and future earnings and other employment benefits, anguish, pain and

suffering, humiliation, loss of enjoyment of life, costs associated with obtaining employment, embarrassment, damage to her reputation and other past and future pecuniary losses. Wherefore, Plaintiff seeks compensatory damages and other relief as set forth below.

66. Any reason alleged by Defendant for terminating the Plaintiff and denying Plaintiff employment benefits and fair, non-discriminatory treatment in the course of his employment is mere pretext for Defendant's real reason for firing the Plaintiff, which is Defendant's retaliation against Plaintiff for seeking and/or being eligible for FMLA leave.

67. Defendant and its agents knew or should have known that its actions taken against Plaintiff were false, wanton, willful, and malicious and designed and intended solely to harm Plaintiff; Defendant's actions are and were indifferent to Plaintiff's rights under the West Virginia Human Rights Act and the common law and public policies of the State of West Virginia. Wherefore, Plaintiff seeks punitive damages and relief as provided below.

### COUNT SIX: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

68. Plaintiff incorporates the previous paragraphs by reference.

69. Defendant owed the Plaintiff a duty to act with reasonable care in implementing the provisions of FMLA and West Virginia's laws prohibiting discrimination.

70. After Plaintiff advised Defendant of her need to take FMLA leave and treat her cancer, the Defendant breached its duties to act with reasonable care in notifying Plaintiff of her FMLA rights and classifying her leave under FMLA; Defendant also breached its duties to act with reasonable care in complying with the West Virginia Human Rights Act.

71. Defendant's breaches were wanton, intentional and reckless and in deliberate disregard of the law and Defendant's anti-discrimination policies.

72. Plaintiff has suffered loss of employment and damages as a proximate result of Defendant's reckless and negligent conduct; Plaintiff's damages were and are foreseeable as a result of Defendant's conduct.

WHEREFORE, Plaintiff seeks compensatory and punitive damages as set forth below.

### COUNT SEVEN: OUTRAGE

73. Plaintiff incorporates the preceding paragraphs by reference as if set forth here verbatim.

74. Defendant's above actions were atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency.

75. Defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from its conduct.

76. Defendant's actions caused the Plaintiff to suffer emotional distress and fear.

77. The emotional distress suffered by the Plaintiff was and is so severe that no reasonable person could be expected to endure it.

WHEREFORE, Plaintiff, Donna L. Wintz, requests judgment against the Defendants as follows:

On Counts One and Two, grant Plaintiff back wages, liquidated damages, compensatory damages, reinstatement and/or front pay, the costs of litigation, including court costs, any expert witness fees, reasonable attorneys' fees, and all other remedies allowed under FMLA:

On Counts Three, Four, Five, Six and Seven, grant Plaintiff actual damages for lost wages, lost compensation and fringe benefits in an amount to be determined by a jury;

On Counts Three, Four, Five, Six and Seven, grant Plaintiff general and compensatory damages for annoyance, inconvenience, embarrassment, humiliation and distress suffered by him as a direct and proximate result of Defendant's conduct;

On Counts Three, Four, Five, Six and Seven, grant Plaintiff punitive damages in an amount to be determined by a jury and sufficient to deter future improper conduct and to punish Defendant for its reckless and wilful actions;

Prejudgment and postjudgment interest on all amounts allowed by law;

All costs incurred in pursuing this action;

Attorney fees; and

Such other relief as this Court deems fair and proper in the interest of justice.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.**

PLAINTIFF, DONNA WINTZ
BY HIS COUNSEL,

_(signature)_

Hoyt Glazer, Esq. (WV Bar #6479)
Ben Sheridan, Esq. (WV Bar # 11296)
Mitchell L. Klein, Esq. (WV Bar # 2071)
Klein, Sheridan and Glazer, LC
1001 Sixth Avenue,
Huntington, West Virginia 25701
(304) 721-2433 phone and fax

STATE OF West Virginia

COUNTY OF Cabell, TO-WIT:

## VERIFICATION

I, Donna Winter, after being duly sworn, say that the facts and allegations contained in my Complaint are true, except insofar as they are therein stated to be upon information and belief, and that insofar as they are therein stated, they are believed to be true.

_____
PLAINTIFF

Taken, sworn to and subscribed before me this 25th day of June, 2015.

My commission expires January 28, 2024

**OFFICIAL SEAL**
Eva Cox
Notary Public
State of West Virginia
My Commission Expires
January 28, 2024
1001 Sixth Avenue
Huntington WV, 25701

_____
NOTARY PUBLIC